UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

YEASHIN ARAFAT, A# 241-272-722,

        Petitioner,

v.                                      Case No. 2:26cv342

WARDEN OF CAROLINE DETENTION FACILITY, *et al.*,

        Respondents.

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Yeashin Arafat filed the instant Petition seeking release from ICE custody or an individualized bond hearing before an Immigration Judge. ECF No. 1 at 2–3. Petitioner was taken into immigration custody on March 18, 2026, and is currently housed at Caroline Detention Facility, located in the Eastern District of Virginia. *Id.* at 5, 7. He is a native and citizen of Bangladesh. *Id.* at 2.

The Court received and filed the Petition on April 8, 2026. *Id.* On April 23, 2026, the Court ordered Respondents to show cause why the Petition should not be granted ("the Service Order"). ECF No. 6. Specifically, the Court ordered that Respondents must file a response to the

Petition addressing: (1) whether the central legal issue in this action is whether Petitioner is considered an applicant for admission under § 1225(b) or eligible for discretionary bond under § 1225(a), and (2) whether there are any unique factual circumstances rendering this Petition different from others that have been recently filed and adjudicated on the same issue that would warrant alternative consideration by the Court. *Id.* at 2.

Respondents filed their response to the Petition on April 29, 2026. ECF No. 8. Therein, Respondents "submit that the legal issues presented in the instant habeas petition is whether Petitioner is considered an applicant for admission under § 1225(b) or eligible for discretionary bond under 1226(a)." *Id.* at 1. Respondents ask that this Court incorporate the previous filings of cases from this Court involving this issue into the record of this habeas action. *Id.* at 2. Respondents point out that some aliens are subject to mandatory detention under 8 U.S.C. § 1226(c) and state that "the Immigration Court has yet to determine whether Petitioner's criminal history triggers mandatory detention pursuant to § 1226(c)." *Id.* at 3. Respondents therefore request that, should the Petition be granted, the Court order a bond hearing rather than immediate release so that the Immigration Court can first determine whether Petitioner is subject to mandatory detention and, if not, decide on discretionary release. *Id.* at 3–4. In accordance with the Service Order, the Court does not await a response from Petitioner.[1]

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of

---

[1] *See* ECF No. 6 at 2 (noting that if Respondents identify no unique factual and legal issues that render this Petition different from others that have been recently filed and adjudicated on the same issue, then this Court will issue a ruling without further filings from the parties).

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-cv-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted). After considering the response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 1. Legal Framework

The INA establishes the statutory framework that governs aliens who are detained upon arrival into the United States and those already present in the country.[2] *Abreu v. Crawford*, No. 1:24-cv-01782, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025), *appeal dismissed*, No. 25-6174, 2025 WL 2604455 (4th Cir. Apr. 22, 2025). That framework distinguishes between 8 U.S.C. § 1225, applicable to "noncitizens who are detained *upon arrival* into the United States," and 8 U.S.C. § 1226, applicable to individuals who "have *already entered* the country, legally or otherwise." *Id.*

Pursuant to § 1225(a), an alien detained *upon arrival* into the United States is defined as an "applicant for admission." 8 U.S.C. § 1225(a). The INA distinguishes between two categories of applicants for admission. *Id.* First, § 1225(b)(1) applies to "aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and "certain other aliens designated by the Attorney General at his discretion." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (citing § 1225(b)(1)(A)(i) and § 1225(b)(1)(A)(iii)). Aliens who fall into § 1225(b)(1) are generally removed pursuant to an expedited removal process, unless they indicate either an

---

[2] Consistent with the INA's text, the Court uses the term "alien" here. *See* § 1101(a)(3) (defining an "alien" as "any person not a citizen or national of the United States").

3

intent to apply for asylum or a fear of persecution. § 1225(b)(1)(A)–(B). They are subject to mandatory detention while they await expedited removal, or while their asylum application is pending. § 1225(b)(1)(B)(ii), (iii)(IV). Second, § 1225(b)(2) is a "catchall provision," applying to "all applicants for admission not covered by § 1225(b)(1)" who are "seeking admission." *Jennings*, 583 U.S. at 287 (citing § 1225(b)(2)(A), (B)). Aliens who fall into § 1225(b)(2)(A) are subject to mandatory detention "if the examining officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A) (emphasis added).

Pursuant to § 1226(a), an alien who has *already entered* the country may be detained or released on bond pending a removal decision. § 1226(a). Detention under § 1226(a) is discretionary; the Attorney General may continue to detain the alien or "may release the alien" on bond or conditional parole.[3] § 1226(a)(1)–(2). Aliens detained under § 1226(a) "are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

Respondents' central argument—that an individual who has already entered the country is subject to mandatory detention under § 1225(b)(2), rather than discretionary detention under § 1226(a)—has been considered at length and rejected by numerous courts within this jurisdiction and around the country. *See, e.g.*, *Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at

---

[3] Certain aliens are not entitled to release under § 1226, including those who "fall into one of several enumerated categories involving criminal offenses and terrorist activities." *See Jennings*, 583 U.S. at 289 (citing § 1226(c)(1)). Respondents "note that" an alien may be subject to mandatory detention "because of certain interactions with the criminal justice system." ECF No. 7 at 2. Respondents attach an exhibit to their response which documents Petitioner's criminal history. ECF No. 7, attach. 1. Respondents do not point out, and the Court does not see, how Petitioner's particular criminal history would subject him to mandatory detention under § 1226(c). Nonetheless, as Respondents concede, that is *not* the issue in the *instant* Petition. *See* ECF No. 7 at 2.

*6 (E.D. Va. Sept. 29, 2025) (citing cases); *Ceba Cinta v. Noem*, No. 1:25-cv-1818, 2025 WL 4053171, at *2 (E.D. Va. Oct. 29, 2025); *Duarte Escobar v. Perry*, No. 3:25cv758, 2025 WL 3006742, at *13 (E.D. Va. Oct. 27, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (supplying an appendix of "at least 350 [] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States" where challengers to "the administration's new position that all noncitizens who came into the United States illegally, but since have been living in the United States, must be detained until their removal proceedings are completed" have prevailed). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).[4] Respondents' position that individuals who are already present in the country are subject to detention under § 1225 "reflects DHS's novel interpretation of decades-old immigration detention statutes which . . . is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction." *Ceba Cinta*, 2025 WL 4053171, at *2 (citing cases).

---

[4] In *Buenrostro-Mendez* and *Herrera Avila*, the Fifth and Eighth Circuits agreed with Respondents' position that an individual who has already entered the country may be considered an "applicant for admission" and subject to the mandatory detention provision in § 1225(b)(2). Neither decision is binding on this Court. *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Nor does this Court find the reasoning in either case persuasive. *See Camacho v. Perry*, No. 3:26-cv-76, 2026 WL 414937, at *3 n.7 (E.D. Va. Feb. 15, 2026) ("[T]he Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas' dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent.").

Additionally, the Second Circuit recently aligned itself with this Court's understanding of the statutory scheme, holding that an individual who has already entered the country is not "seeking admission" and is thus governed by § 1226(a) rather than § 1225(b)(2)'s mandatory detention provision. *Cunha v. Freden*, __ F.4th __, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026) (noting the "serious constitutional concerns raised by the government's interpretation" of § 1225(b)(2)).

5

*2. Analysis*

In light of the above legal framework, the Court makes the following findings:

First, the Court finds that Petitioner is detained pursuant to § 1226(a).[5] As courts in this district and around the country have overwhelmingly held, under the INA, the mandatory detention provision in § 1225(b)(2)(A) extends to "applicants for admission" who are "seeking admission." *See, e.g., Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 575 (E.D. Va. 2025); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *12 (S.D.W. Va. Feb. 4, 2026) (finding that "[i]t is not enough to be an 'applicant for admission,' under §1225(b)(2)(A), an alien also must be 'seeking admission.'"). This conclusion is supported by the plain text of the INA, Supreme Court precedent, district court decisions throughout the country, and decades of practice. *Duarte Escobar*, 807 F. Supp. 3d at 575–81. Because Petitioner is detained pursuant to § 1226(a), Petitioner's continued detention without a bond hearing before an Immigration Judge is unlawful, and habeas relief is warranted. *See* 28 U.S.C. § 2241(c)(3).

Second, because Petitioner is detained pursuant to § 1226(a), he is governed by the discretionary detention provisions set forth in that statute. Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether Petitioner is a danger to the community and whether he is a flight risk.

Third, the appropriate relief in this matter is ordering that Petitioner receive a bond hearing before an Immigration Judge. Although Petitioner requests his immediate release, he has not yet

---

[5] At Respondents' request, the Court incorporates the filings of the following cases into this habeas action: *Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *6 (E.D. Va. Sept 29, 2025); *Ceba Cinta v. Noem*, No. 1:25-cv-1818, 2025 WL 4053171, at *2 (E.D. Va. Oct 29, 2025); *Duarte Escobar v. Perry*, No. 3:25CV758, 2025 WL 3006742, at *13 (E.D. Va. Oct. 27, 2025); *Enderson v. Perry*, No. 2:26cv178, (E.D. Va. 2026). *See* ECF No. 7 at 1–2.

had a bond hearing where his release was considered. *See Bautista Villanueva v. Bondi*, No. 25-cv-4152, 2026 WL 100595, at \*2 (D. Md. Jan. 14, 2026) (finding that absent any indication that the immigration judge will fail to apply the correct legal standards for bond hearings pursuant to § 1226, the appropriate remedy is a bond hearing). Accordingly, the appropriate remedy for Respondents' statutory violation is to receive a bond hearing before an Immigration Judge.

### III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **GRANTED IN PART,** to the extent Petitioner seeks a bond fair hearing, but **DENIED IN PART** to the extent he seeks his immediate release.

The Court further **RECOMMENDS** that:

- Respondents provide Petitioner a fair bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within **ONE DAY** of entry of a final order in this matter;

- Respondents be **ENJOINED** from denying bond to Petitioner on the grounds that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

- Respondents shall file a status report with the Court within **THREE DAYS** of Petitioner's bond hearing, which shall explain whether Petitioner has been granted bond, and if his request for bond was denied, the reasons for that denial;

- in the event Petitioner is released on bond by an Immigration Judge, Respondents be **ENJOINED** from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2)[6]; and

---

[6] *See Hasan*, 800 F. Supp. 3d at 657–61 (explaining the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) and finding that it "constitutes an unequivocal violation of due process").

7

- in the event Petitioner is released on bond by an Immigration Judge, Respondents be **ENJOINED** from rearresting Petitioner unless: (1) he has committed a new violation of any federal, state, or local law; (2) he has failed to attend any properly noticed immigration or court hearing; (3) he is subject to an administratively final removal order pursuant to § 1231; or (4) an Immigration Court affirmatively concludes that Petitioner is subject to mandatory detention under § 1226(c) through a proper Immigration Court proceeding.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to

Petitioner and to counsel of record for Respondents.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 30, 2026

9